Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(973) 678-1588

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
-----------------------------------------------x
MILDRED CHRISTION,
               Plaintiff,

v.                                        CIVIL ACTION NO: 07-CV-1938

PRESSLER & PRESSLER LLP,
NEW CENTURY FINANCIAL SERVICES,
WACHOVIA BANK.
               Defendants.
-----------------------------------------------x

## AFFIRMATION IN OPPOSITION TO DEFENDANT WACHOVIA BANK'S RULE 12(b)(6) MOTION TO DISMISS

      I, Shmuel Klein, counsel for the Plaintiff herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

      1.    On April 20, 2007 Plaintiff filed the Complaint in the instant action against Defendants, Pressler & Pressler, LLP, New Century Financial Services and Wachovia Bank ("Wachovia"), for violation of the Fair Debt Collection Practices Act, ("FDCPA"), the Fair Credit Reporting Act, ("FCRA") and for infliction of emotional distress.

      2.    Plaintiff mailed Notice of Lawsuit and Request for Waiver of Service of Process to all Defendants, on May 2, 2007.

      3.    Jodi Rosenberg, counsel for Defendant Wachovia sent a letter to this office on May 22, 2007, in which she stated that "Wachovia is not certain whether it

made a loan to your client and wants to make sure you are suing the correct entity." The letter also asked for Plaintiff's social security number and any loan documents Plaintiff may have. (See Exhibit "A" attached hereto.)

4. In a follow up telephone conversation, my office communicated Plaintiff's social security number to Ms. Rosenberg, so that Wachovia could determine whether any account for Plaintiff ever existed.

5. In a letter dated June 7, 2007, Jodi Rosenberg stated: "Wachovia has no record of the individual, social security number or account, either in its active, recovery or purged record systems. Further, there are no Wachovia-specific credit reporting agency information for this individual. There is no indication that Wachovia in any way has this account." Wachovia's counsel, Jodi Rosenberg asked that Plaintiff dismiss the action against Wachovia based on the above. (See Exhibit "B" attached hereto).

6. Plaintiff attempted to settle this case with Wachovia, agreeing to dismiss the action against Wachovia on the condition that Wachovia supply Plaintiff with an affidavit of a person with knowledge in Wachovia, that no account for Plaintiff ever existed.

7. Based upon this representation that Plaintiff had no account, and Ms. Rosenberg's indication that Defendant would supply an affidavit to Plaintiff stating same, Plaintiff continued to grant Ms. Rosenberg's request for an extension of time to answer.

8. Thereafter, Ms. Rosenberg called our office and stated that she could not supply Plaintiff with an affidavit despite the fact that "Wachovia could not find any evidence" because she was "not sure if I could make Wachovia swear that she had no account since Pressler may have some evidence or something else may turn up at Wachovia."

9. I told Ms. Rosenberg that we would not dismiss the action against Defendant Wachovia unless they supply us with the above-mentioned affirmation.

10. Defendant Wachovia executed a Waiver of Service of Process on November 2, 2007, and filed the instant Rule 12(b)(6) Motion on December 18, 2007.

11. Defendant Wachovia, in its Brief in Support of Motion to Dismiss, contends, "Plaintiff has failed to allege facts against Wachovia which are sufficient to meet the requisite elements of any of the causes of action alleged in the complaint." (Pg. 4 of Wachovia's Brief, 2nd paragraph.)

12. Wachovia alleges in its Brief that Plaintiff uses the term "Defendants" loosely in the complaint rather than naming the Wachovia directly in the wording of the claims. Defendant Wachovia asserts therefrom that its own "thorough reading of the Complaint reveals that that all of Plaintiff's claims are alleged against New Century Financial as the debt collector."

13. Defendant Wachovia then admits that Plaintiff's Complaint provides that the "alleged debt" was a debt of Wachovia.

14. Defendant Wachovia is a named party Defendant in this action because Plaintiff alleges it negligently assigned non-existent account(s) for collection, allegedly owed by Plaintiff to New Century Financial Services, who forwarded said account(s) to Pressler and Pressler. A Default Judgment was entered against Plaintiff and collection was sent to Sheriff to garnish Plaintiff's rental income.

15. However, no account of Plaintiff exists with Wachovia, as admitted by Ms. Rosenberg, and Wachovia therefore had no legal right to collect, attempt to collect, assign, transfer, or sell to New Century Financial Services or Pressler and Pressler any such account(s) naming Plaintiff as a debtor.

16. Wachovia was properly named as a Defendant in this action and should be held liable for its recklessness and negligence in "creating" an account which never existed and assigning it to a collection agency. Wachovia's actions were reckless and negligent and caused severe emotional distress to Plaintiff, among other damages.

**WHEREFORE,** Plaintiff respectfully requests that Defendant's Rule 12(b)(6) Motion to Dismiss should be denied and Plaintiff be granted reasonable attorneys fees and costs in the amount of $2500.00.

DATED: January 2, 2008
Mahwah, NJ                               _____/s/_____
                                         Shmuel Klein, Esq.
                                         Law Office of Shmuel Klein, PC