**WHEREFORE,** Plaintiff respectfully requests that Defendant's Rule 12(b)(6) Motion to Dismiss should be denied and Plaintiff be granted reasonable attorneys fees and costs in the amount of $2500.00.

DATED: January 2, 2008
Mahwah, NJ

_______________/s/_____________
Shmuel Klein, Esq.
Law Office of Shmuel Klein, PC

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(973) 678-1588

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------x

MILDRED CHRISTION,
Plaintiff,

v. CIVIL ACTION NO: 07-CV-1938

PRESSLER & PRESSLER LLP,
NEW CENTURY FINANCIAL SERVICES,
WACHOVIA BANK.
Defendants.

---------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WACHOVIA BANK'S RULE 12(b)(6) MOTION TO DISMISS**

INTRODUCTION

Plaintiff incorporates herein the factual allegations contained in the Affirmation in Opposition to Defendant Wachovia's Motion to Dismiss.

ARGUMENT

**LEGAL STANDARDS FOR A RULE 12 (b)(6) MOTION**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). When considering a 12(b)(6) motion, the Court must accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the Plaintiff. Morse v. Lower

Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997); Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Center Prop., Inc., 311 F.3d 198, 215 (3d Cir.2002). The motion to dismiss will be granted only when it is beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) (citing Conley, 355 U.S. at 45, 78 S.Ct. 99). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

**PLAINTIFF HAS STATED A CLAIM**

Here, Plaintiff indeed states claims against Wachovia. Defendant Wachovia itself admitted that Plaintiff never owed them any debt. Yet there is a Judgment against Plaintiff and money is being garnished from Plaintiff by Pressler and Pressler and New Century Financial Services, who claim that they had a legal right to obtain the Judgment against Plaintiff since she owed the debt to Wachovia.

Wachovia is a banking entity that extends credit to consumers. Wachovia also routinely assigns or sells past due and/or non-paying loans to New Century Financial Services for collection. Wachovia was reckless and negligent in selling to New Century

an account supposedly belonging to Plaintiff, when Plaintiff had never indebted herself to Wachovia.

The entire process of the collection of this bogus account, instigated by Wachovia and continued by New Century Financial Services and then by Pressler and Pressler, who sued Plaintiff and obtained a Judgment against her, was in violation of the FDCPA and caused severe emotional distress to Plaintiff. Plaintiff's claims in the complaint are clear. Plaintiff's uses the word "Defendants" in the claims of the Complaint since the claims are against all Defendants, as each Defendant had a part in the creation or collection of the forged collections account.

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully requests that Defendant's Rule 12(b)(6) Motion to Dismiss should be denied and Plaintiff be granted reasonable attorneys fees and costs in the amount of $2500.00.

DATED: January 2, 2008
Mahwah, NJ

_______________/s/_____________
Shmuel Klein, Esq.
Law Office of Shmuel Klein, PC