**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MILDRED CHRISTION

        Plaintiff,

vs.

PRESSLER & PRESSLER LLP, et al.,

        Defendants.

Civil Action No.: 07-1938 (PGS)

**OPINION**

**SHERIDAN, U.S.D.J.**

Plaintiff Mildred Christion ("Plaintiff") has filed suit against defendants Pressler & Pressler LLP ("Pressler"), New Century Financial Services ("New Century"), and Wachovia Bank ("Wachovia") alleging unfair debt collection practices in violation of state and federal law. Currently before the Court is Pressler and New Century's (collectively, "Defendants") motion for summary judgment. For the following reasons, Defendants' motion is granted.

### I.    BACKGROUND

New Century is a purchaser of distressed debt. (Williamson Cert. ¶ 1.) On June 14, 2005, New Century purchased a portfolio of delinquent accounts from Sherman Acquisitions, LLC, which included a Visa account allegedly held by Plaintiff totaling $6,338.15. (*Id.* Ex. C.) As part of this acquisition, New Century received a spreadsheet for each account, which included the first and last

1

name of the account holder, an account number, a phone number, and a social security number.  (*Id.*)

In an effort to collect on Plaintiff's debt, New Century retained Pressler, a law firm specializing in debt collection.  On June 21, 2005, Pressler sent Plaintiff a letter advising her that it represented New Century and requesting satisfaction of her debt.  (*Id.* Ex. D.)  Pressler, however, took no further steps to verify the debt.  (*Id.* ¶ 5.)  According to Pressler, "[i]t is normal practice . . . not to request . . . additional documentation unless and until a dispute is raised by a debtor."  (*Id.*)

Plaintiff did not respond to Pressler's June 21 letter.  As a consequence, on or about September 1, 2005, Pressler filed and served a complaint against Plaintiff in the Superior Court of New Jersey, Special Civil Part, for the unpaid debt, plus attorneys' fees and costs.  *New Century Fin. Servs. Inc. v. Christian*, ESX-DC-20299-05.  (*Id.* Ex. E.)  Plaintiff never filed an answer or otherwise responded to Pressler's complaint.  (*Id.* ¶ 8.)  Accordingly, on November 15, 2005, default judgment was entered in favor of New Century against Plaintiff.  (*See id.* Ex. F.)

Following entry of default judgment, Pressler further pressed its efforts to collect Plaintiff's debt.  First, on December 2, 2005, Pressler served a post-judgment information subpoena.  (*Id.* Ex. F, ¶ 9-10.)  Second, on March 3, 2006, Pressler obtained an order enforcing litigant's rights, which required Plaintiff to comply with the subpoena or face arrest.  (*Id.* Ex. G.)  Third, on August 22, 2006, Pressler obtained a writ of execution to levy Plaintiff's property.  (*Id.* Ex. I.)  However, none of these efforts were successful, and Pressler eventually ceased pursuing its collection efforts.  (*Id.* ¶¶ 10, 13-14.)[1]

On April 16, 2007, Plaintiff filed a pro se motion to vacate New Century's November 15,

---

[1] In connection with a judgment in *New Century Fin. Servs., Inc. v. Christian*, DC-22909-05 (the "Sears Matter"), a separate collection action, Pressler was partially successful in levying $728.50 in rental payments due to Plaintiff.  (*Id.* ¶¶ 15-22.)

2005 judgment. (*Id.* Ex. P.)  In her motion papers, Plaintiff argued that she was never served or had any dealings with New Century, and that she only became aware of the lawsuit after a sheriff's deputy arrived at her residence, 109 7th Street, Newark, New Jersey.  (*Id.*)  Plaintiff took this position even though Pressler also used Plaintiff's 109 7th Street address throughout the course of its collection action.  (*See id.* Exs. D-J.)  On May 25, 2007, the Superior Court denied Plaintiff's motion, finding no excusable neglect or meritorious defense.  (*Id.* Ex. T.)

On April 25, 2007, while her motion to vacate was pending in state court, Plaintiff filed this action against Pressler, New Century, and Wachovia with the assistance of counsel.  Plaintiff's complaint asserts six statutory and common law causes of action: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; (2) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; (3) defamation; (4) invasion of privacy; (5) emotional distress; and (6) deceptive trade practice.

The facts set forth in Plaintiff's complaint are vague.  Generally, Plaintiff alleges that the Visa account at issue is not hers, and that Pressler's actions were deceptive in failing to verify Plaintiff's alleged debt before undertaking its collection action. (Compl. ¶ 11; Pl. 56.1 Stmt. ¶¶ 1-6.) As evidence that the debt is not hers, Plaintiff points to Wachovia's failure to produce any accounts for Plaintiff in its business or accounting records.  For its part, Wachovia explained in prior motion papers that Plaintiff's account records likely no longer exist because they were purged in the normal course of business, given the lengthy period of time since the debt was incurred.  (Jan. 18, 2008 Thomas Cert. ¶¶ 5-7.) Regardless, however, Plaintiff admits that she is not challenging the debt; she

is suing to challenge collection of the debt. (Pl. Br. at 6.)[2] Plaintiff's claims against New Century are based on the same allegations as those against Pressler. New Century, the principal, is alleged to have known and acquiesced to the procedures used by Pressler, its agent.

On January 11, 2008, through the course of discovery, Plaintiff's counsel wrote to Pressler stating that Plaintiff was withdrawing her FCRA claim because she never disputed the debt with the credit agencies, as required under the statute. (Williams Cert. Ex. V.) The letter also indicated that Plaintiff would be filing an amended complaint to clarify her FDCPA claim. (*Id.*) An amended complaint, however, was never filed. Thereafter, on July 30, 2008, the Court granted Wachovia's motion for summary judgment. Pressler and New Century now move for summary judgment.[3]

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (internal quotations omitted). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of

---

[2] Because Plaintiff is not challenging the debt, which is something she has already done in state court, the unsupported allegation that the debt is not hers is not a material fact for purposes of summary judgment.

[3] In opposition to Pressler and New Century's motion, in violation of Local Rule 7.1(d)(6), Plaintiff filed a sur-reply and a sur-sur-reply without leave of court. Plaintiff also filed an attorney affidavit, which contains legal argument in violation of Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 7.2(e). *See, e.g.*, *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 665 n.3 (3d Cir. 2007). Nonetheless, in the interest of completeness, the Court has considered these offending documents.

the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations. *Anderson*, 477 U.S. at 248. "[U]nsupported allegations" are insufficient to defeat summary judgment. *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgement. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor -- that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. Appx. 222, 227 (3d Cir. 2007).

## III.    DISCUSSION

Count one of Plaintiff's complaint alleges violations of the FDCPA, which is a statute designed "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to material instability, to loss of jobs, and to invasions of individual privacy." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (internal quotations omitted). Plaintiff fails to cite to any specific section of this statute, but she generally complains that Pressler failed to verify her debt before filing its collection action or after she sought to vacate the default judgment against

5

her.  (*Id.* ¶¶ 8, 13.)[4]  Plaintiff admits, as stated above, that she is not suing pursuant to the FDCPA to challenge the debt.  (Pl. Br. at 6.)

Plaintiff's FDCPA claim fails for two reasons.  First, Pressler was never required to verify the debt prior to filing its collection action.  "[A] debt may be properly pursued in court, even if the debt collector does not yet posses adequate proof of its claim."  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th Cir. 2006); *see also Mello v. Great Seneca Fin. Corp.*, 526 F. Supp. 2d 1024, 1030 (C.D. Cal. 2007).  Pursuant to Rule 11 of the Rules of Civil Procedure, Pressler was only required to have a good faith basis for its suit, which it had.  *Harvey*, 453 F.3d at 333.  Second, Pressler was not required to verify the debt after becoming aware of Plaintiff's pro se motion to vacate the default judgment.  The FDCPA requires that, if a consumer disputes a debt *in writing within 30 days* of receiving notice from a debt collector, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(b) (emphasis added).  Plaintiff does not allege that she timely disputed the debt in writing pursuant to 15 U.S.C. § 1692g(b).  Nor has Plaintiff submitted any documents indicating timely dispute of the debt in writing.  Accordingly, count one of Plaintiff's complaint against Pressler and New Century is dismissed.[5]

_____

[4] Plaintiff's only citation in her FDCPA claim is to "section 1681s-2[b]," which appears to be a mis-cite to 15 U.S.C. § 1692g(b) of the Fair Credit Reporting Act.  (Compl. ¶¶ 16-19.)

[5] In support of their motion, Defendants argue that the *Rooker-Feldman* requires dismissal of Plaintiff's complaint, but that doctrine is inapplicable.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court

The third count of Plaintiff's complaint alleges defamation.  Specifically, Plaintiff alleges that Defendants "issued and/or published reports to third parties which contained inaccurate information about Plaintiff."  (Compl. ¶ 36.)[6]  Defamation is "false statements that injure the reputation of another."  *Petersen v. Meggitt*, 407 N.J. Super. 63, 74 (App. Div. 2009) (internal quotations omitted).  In order to state a claim for defamation, a plaintiff must satisfy five elements: (1) a defamatory statement of fact, (2) concerning the plaintiff, (3) which was false (4) communicated to a person or persons other than the plaintiff, and (5) damages. *Id.*

Plaintiff's defamation claim fails because no defamatory statement was ever communicated to a third party.  The Court has already found that no reports were ever furnished to a credit reporting agency.  (Williamson Cert. Ex. W. at 28:5-11.)  Moreover, to the extent Pressler's complaint or its correspondence can be characterized as defamatory statements (which they are not), Defendants enjoy absolute privilege.  It is well established that statements made in the course of judicial, administrative, or legislative proceedings are absolutely privileged and immune from liability. *Erickson v. Marsh & McLennan Co., Inc.*, 117 N.J. 539, 563 (1990); *Cappello v. Scott*, 274 N.J. Super. 282, 284 (App. Div. 1994) ("An attorney may have an absolute privilege to defame a person by statements in a filed complaint.").  Accordingly, count three of Plaintiff's complaint against

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").  Plaintiff admits that she is not attempting to re-litigate the state court judgment -- if she is, her complaint must be dismissed -- she is challenging Pressler's debt collection practices.

[6] Defendants suggest that Plaintiff's common law claims actually relate to the Sears Matter.  (Williams Cert. ¶¶ 15-22; Reply Br. at 2.)  However, because neither the complaint nor Plaintiff's briefs make specific mention of the Sears Matter, the Court can only evaluate Plaintiff's allegations and evidence as they relate to the *New Century Fin. Servs. Inc. v. Christian*, ESX-DC-20299-05.  Nonetheless, regardless of what state court judgment is at issue, the Court analysis remains the same.

7

Pressler and New Century is dismissed.

Plaintiff's remaining claims are for invasion of privacy, intentional infliction of emotional distress, and deceptive trade practices.[7]  These claims are largely devoid of facts, contrary to the requirements of Rule 8 of the Federal Rules of Civil Procedure and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and are duplicative of Plaintiff's statutory claims.  For example, Plaintiff simply concludes in her complaint that "Defendant [*sic*] have invaded Plaintiff's privacy." (Compl. ¶ 38.) Yet Plaintiff offers no explanation as to what "Defendant" she is referring or how Plaintiff's privacy was invaded.  Accordingly, counts four, five and six of the complaint against Pressler and New Century are also dismissed.[8]

## IV.    CONCLUSION

For the foregoing reasons, Pressler and New Century's motion for summary judgment is granted, and Plaintiff's complaint is dismissed with prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

March 11, 2010

---

[7] Plaintiff's complaint also alleges violations of the FCRA, but that claim was purportedly withdrawn by Plaintiff's counsel on January 11, 2008.  (Williamson Cert. Ext. V ("Plaintiff will agree to amend the Complaint to withdraw the FCRA claims against Defendants[] since . . . Plaintiff did not dispute the debt with any Credit Reporting Agencies as is required by the Fair Credit Reporting Act . . . .").)  Moreover, Plaintiff has not opposed dismissal of her FCRA claim in her opposition papers or disputed the Court's previous finding that no report was ever furnished.  (*Id.* Ex. W. at 28:5-11.)

[8] In the event their motion is granted, Defendants seek sanctions for frivolous litigation. (Reply Br. at 4.)  That request is denied.